UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY T. JONES,  )  <br>    Plaintiff,  ) <br> ) <br> vs.  ) <br> ) <br> LINCOLN POLICE DEPARTMENT, et. al. ) <br>    Defendants  ) | Case No. 21-3128 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Lincoln Police Department, Logan County Sheriff's Department, Logan County States Attorney, the City of Lincoln, the Mayor of Lincoln, Police Chief Paul Adams, Sergeant Robert Sherren, Sergeant Lynx, Assistant States Attorney Hines, Assistant States Attorney (ASA) Bradley Hauge, and Officers Berkley, Sullivan, Eimer, Johnson, Fox, Steve Nichols, Mark Landers, Jonathon Wright, and John Does #5-8 violated his constitutional rights.

Plaintiff begins with a description of an event which occurred on November 30, 2016. Plaintiff says Defendants Sergeant Sherren and Officer Berkley used excessive

force when they used a taser against him, and Officers Sullivan and an unknown number of John Doe Officers failed to protect him from the use of excessive force.

The incident apparently did not go to trial until June 17, 2019 and Plaintiff was found not guilty of resisting arrest. It is unclear if Plaintiff was found guilty of any other charges. Plaintiff claims during the trial, ASA Hines stated: "How should I say this, when it comes to (Plaintiff), there is a special procedure." (Comp., p. 4). Based on this event, Plaintiff claims the named Defendants are responsible for false arrest, malicious prosecution, and excessive force.

Plaintiff says the verdict did "nothing to deter this unconstitutional behavior." (Comp., p. 4). Plaintiff then describes an incident sometime in 2017 when unnamed police officers investigating a broke window invaded a home where Plaintiff was sleeping and handcuffed him. Based on the allegations, it does not appear Plaintiff was arrested.

On March 18, 2018, unnamed officers stopped and searched Plaintiff after he was walking away from a bar. Plaintiff was arrested and stayed in jail overnight before he was released the next morning. No charges were filed.

On July 1, 2020, Plaintiff arrived at the Budget Inn to visit a friend when an unnamed officer pulled a gun on Plaintiff, wrestled him to the ground, and arrested him. Plaintiff says he was released the next day without charges.

Plaintiff says he is again in the Logan County Jail based on a false arrest. (Comp, p. 11). Plaintiff does not explain when he was arrested, who was involved, or what charges he faces.

Plaintiff claims "[i]t is clear that there is a 'policy' or 'special policy'" just for him based on the comments of Defendant ASA Hines. Plaintiff also alleges the Defendants are conspiring against him to violation his constitutional rights.

There are several problems with Plaintiff's complaint. First, Plaintiff is required to file any complaint pursuant to 42 U.S.C. §1983 within the two-year statute of limitations period. *See Wilson v Giesen,* 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Many of Plaintiff's claims do not meet this requirement. The statute of limitations clock for both Plaintiff's excessive force claim and his false arrest claim began more than four years ago on the day of his arrest in 2016. *See i.e. Foryoh v. Triton College,* 197 Fed.Appx. 500, 501 (7th Cir. 2006).

In addition, Plaintiff's claim of malicious prosecution is not a constitutional violation. *See Anderson v. City of Rockford*, 932 F.3d 494, 512 (7th Cir. 2019) (explaining that there is no federal constitutional right not to be prosecuted without probable cause). Plaintiff has also failed to articulate a constitutional violation based on a prosecutor's comments during his trial.

Even if any of the remaining claims were filed within the two-year statute of limitations period, Plaintiff has failed to identify any Defendants who were responsible for his claims. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003)(merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

To hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates).

If Plaintiff were attempting to state a claim against a municipality pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978) his complaint also fails. "To establish municipal liability, a plaintiff must show the existence of an official policy or other governmental custom that not only causes but is the moving force behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833–34 (7th Cir. 2012)(internal quotation omitted). A plaintiff can establish an official policy through "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Estate of Sims,* 506 F.3d at 515 (citing *Lewis v.*

4

*City of Chicago,* 496 F.3d 645, 656 (7th Cir.2007). Plaintiff has not clearly identified any policy or practice since he refers only to his own encounters and a vague statement from an ASA. In addition, Plaintiff has named two separate municipalities – the city and the county- but he has failed to explain the involvement of either.

It is also unclear how any of the allegations are related since they appear to involve different defendants during different time periods involving different incidents. *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).

Finally, it is not clear from Plaintiff's complaint if he intended to include a claim based on the reason he was currently in the Logan County Jail.

Plaintiff's complaint is therefore dismissed as a violation of Federal Rules of Civil Procedure 8, 18, and 20 and for failure to clearly state a claim upon which relief can be granted.

The Court will allow Plaintiff one opportunity to file an amended complaint. Plaintiff MUST follow these directions:

   1) Plaintiff's amended complaint must stand complete on its own and not refer to any previous filing.

   2) Plaintiff must limit his complaint to allegations which occurred within the two- year statute of limitations period from June 7, 2019 to June 7, 2021.

   3) For each claim, Plaintiff must identify which Defendants were involved by name or description, when the event occurred, what happened, and the current status of any charges.

4) Plaintiff must not include unrelated claims against different defendants in one lawsuit. Different incidents involving different Defendants and different agencies are not related.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Federal Rules of Civil Procedure 8, 18, and 20 and for failure to clearly state a claim upon which relief can be granted.

2) If Plaintiff believes he can articulate a constitutional violation, he may file an amended complaint on or before April 29, 2022.  If Plaintiff fails to file an amended complaint by the deadline or fails to follow the Court's directions, his case will be dismissed.

3) The Clerk is directed to provide Plaintiff with a blank complaint form to assist him and to reset the internal merit review deadline within 30 days of this order.

4) Plaintiff is admonished he must not file letters with the Court.  Instead, he should file motions clearly stating what relief he is seeking to avoid confusion concerning the purpose of any filing.  The Clerk is directed to strike the last letter filed by Plaintiff. [9].

5) Plaintiff must immediately inform the Court in writing of any change in his mailing address or phone number. Failure to provide this information will result in the dismissal of this lawsuit.

ENTERED this 7th  day of April, 2022.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE