UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY T. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-3128 |
| | ) |
| BRANDON BERKLEY, | ) |
| | ) |
| Defendant. | ) |

**MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT**

Plaintiff Jeffrey Jones, proceeding *pro se*, files suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights. This cause is before the Court for a merit review of Plaintiff's Second Amended Complaint. (Doc. 78). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Second Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Amended Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

**PROCEDURAL HISTORY**

Plaintiff filed his initial Complaint on June 7, 2021. (Doc. 1). On November 4, 2022, Plaintiff, through counsel[1], filed an eleven-count Amended Complaint against nine Defendants

---

[1] On June 20, 2023, the Court granted Plaintiff's counsel's Motion to Withdraw. (Doc. 23; d/e 6/20/2023). Plaintiff now proceeds *pro se*.

1

asserting violations of his constitutional rights under § 1983 and Illinois law. (Doc. 16). Defendants filed Motions to Dismiss. (Docs. 28, 46, 55). On December 12, 2023, the Court granted in part and denied in part the Motions to Dismiss and permitted Plaintiff to file a Second Amended Complaint. (Doc. 64). Plaintiff filed his Second Amended Complaint on March 20, 2024. (Doc. 78). This Merit Review Order now follows.

## ALLEGATIONS

Plaintiff files suit against the City of Lincoln/Lincoln Police Department, the Logan County Sheriff's Office, Logan County State's Attorney Brad Hauge, Logan County Assistant State's Attorney Hillary B. Hines-Holl, and Lincoln Police Officers Brandon Berkley, Maurice Johnson, Chad Eimer, Ryan Sullivan, and Robert Sherren. (Doc. 78 at pp. 3-6). The Second Amended Complaint includes numerous claims related to Plaintiff's arrests or detainments on November 30, 2016, January 1, 2017, March 7, 2018, and July 1, 2020, and a criminal trial in Logan County, Illinois in June 2019 stemming from the November 30, 2016 arrest.

**November 30, 2016**

First, Plaintiff alleges Defendants Berkley and Sullivan arrested him at his home without a warrant or probable cause on November 30, 2016. During the arrest, Defendant Sherren directed Defendants Berkley and Sullivan to tase Plaintiff. Defendant Berkley allegedly tased Plaintiff, causing injury and bodily harm. Defendant Sherren then asked Defendant Berkley if his body camera was on so he could "claim his prize" for tasing Plaintiff. *Id.* at p. 7.

Defendants Hauge and Hines-Holl charged Plaintiff with "Resisting Arrest" (Logan County Case No. 2016-CM-287). During his trial, Plaintiff claims Defendant Berkley testified that the method of arrest complied with the Lincoln Police Department's standard procedures, and

Defendants Hauge and Hines-Holl stated there was "special procedure" for arresting and charging Plaintiff. On June 19, 2019, Plaintiff was acquitted by a directed verdict of all charges.[2]

Plaintiff alleges Defendants Berkley, Sullivan, Sherren, Hauge, and Hines-Holl conspired to deprive him of his right to free speech under the First Amendment and his right to be free from unreasonable searches and seizures under the Fourth Amendment. He also alleges Defendants Hauge and Hines-Holl maliciously prosecuted him, despite knowing there was no probable cause.

**January 1, 2017**

While Plaintiff was facing charges in case number 2016-CM-287, three unknown Lincoln Police Officers allegedly entered his house in the middle of the night and forcibly handcuffed him on or about January 1, 2017. The officers told Plaintiff they were investigating a broken window, but Plaintiff claims no broken window was ever found. Plaintiff was not charged with any offense.

**March 7, 2018**

On or about March 7, 2018, Plaintiff alleges he was walking down a sidewalk in Lincoln, Illinois when Defendants Eimer and Johnson unlawfully stopped and searched him without a warrant or probable cause. Defendants Eimer and Johnson unlawfully arrested Plaintiff and detained him overnight at the Logan County Jail. Plaintiff alleges he was not told the reason for his arrest and detainment. Plaintiff was released without charges being filed on March 8, 2018.

**July 1, 2020**

On July 1, 2020, Plaintiff alleges he was at the Budget Inn in Lincoln, Illinois when Defendant Berkley unlawfully stopped him without a warrant or probable cause. During the stop, Plaintiff claims Defendant Berkley pointed his service revolver at him. When Plaintiff walked out of the motel, three Lincoln Police Officers and Defendant Berkley "jumped" him and arrested him

---

[2] It is unclear if Plaintiff was acquitted by a directed verdict on June 16, 2019 or June 19, 2019, as the Second Amended Complaint references both dates. (*See* Doc. 78 at pp. 8, 27). For purposes of this Order, the date is immaterial.

Defendants Hauge and Hines-Holl stated there was "special procedure" for arresting and charging Plaintiff. On June 19, 2019, Plaintiff was acquitted by a directed verdict of all charges.[2]

Plaintiff alleges Defendants Berkley, Sullivan, Sherren, Hauge, and Hines-Holl conspired to deprive him of his right to free speech under the First Amendment and his right to be free from unreasonable searches and seizures under the Fourth Amendment. He also alleges Defendants Hauge and Hines-Holl maliciously prosecuted him, despite knowing there was no probable cause.

**January 1, 2017**

While Plaintiff was facing charges in case number 2016-CM-287, three unknown Lincoln Police Officers allegedly entered his house in the middle of the night and forcibly handcuffed him on or about January 1, 2017. The officers told Plaintiff they were investigating a broken window, but Plaintiff claims no broken window was ever found. Plaintiff was not charged with any offense.

**March 7, 2018**

On or about March 7, 2018, Plaintiff alleges he was walking down a sidewalk in Lincoln, Illinois when Defendants Eimer and Johnson unlawfully stopped and searched him without a warrant or probable cause. Defendants Eimer and Johnson unlawfully arrested Plaintiff and detained him overnight at the Logan County Jail. Plaintiff alleges he was not told the reason for his arrest and detainment. Plaintiff was released without charges being filed on March 8, 2018.

**July 1, 2020**

On July 1, 2020, Plaintiff alleges he was at the Budget Inn in Lincoln, Illinois when Defendant Berkley unlawfully stopped him without a warrant or probable cause. During the stop, Plaintiff claims Defendant Berkley pointed his service revolver at him. When Plaintiff walked out of the motel, three Lincoln Police Officers and Defendant Berkley "jumped" him and arrested him

---

[2] It is unclear if Plaintiff was acquitted by a directed verdict on June 16, 2019 or June 19, 2019, as the Second Amended Complaint references both dates. (*See* Doc. 78 at pp. 8, 27). For purposes of this Order, the date is immaterial.

...

without a warrant or probable cause. (Doc. 78 at p. 11). During the arrest, Defendant Berkley allegedly attempted to break Plaintiff's leg and cause bodily harm. Defendant Berkley also unlawfully searched Plaintiff's vehicle and seized his cell phone without a warrant. Plaintiff's phone was not returned to him until November 2020. After he was arrested, Plaintiff was taken to the Logan County Jail. He was released the next morning without charges.

Pursuant to these facts, Plaintiff alleges the following claims:

**Count I:** Plaintiff alleges Defendants violated his First Amendment rights from November 30, 2016 through July 1, 2020 by unlawfully arresting and/or maliciously prosecuting him without warrants or probable cause in retaliation for exercising his First Amendment rights. Plaintiff alleges he has a right to speak out on matters of public concern, such as police misconduct.

**Count II:** Plaintiff alleges Defendants violated his Fourth and Fifth Amendment rights to be free from searches and arrests without warrants or probable cause between November 30, 2016 and July 1, 2020.

**Count III:** Plaintiff alleges Defendants Berkley, Johnson, and Sherren violated his Fourth Amendment rights by unlawfully arresting him without a warrant or probable cause on November 30, 2016.

**Count IV:**[3] Plaintiff alleges three unknown Lincoln Police Officers violated his Fourth Amendment rights by unlawfully arresting him without a warrant or probable cause on January 1, 2017.

---

[3] It is unclear if Plaintiff intended to include Counts IV and V in his Second Amended Complaint because Plaintiff crossed out "Count IV" and "Count V." (Doc. 78 at pp. 17-19). To completely address Plaintiff's claims, however, the Court will address Counts IV and V in this Order.

**Count V:** Plaintiff alleges Defendants Eimer and Johnson and an unnamed Sheriff's Deputy[4] from the Logan County Sheriff's Department violated his Fourth Amendment rights by unlawfully arresting him without a warrant or probable cause on March 7, 2018.

**Count VI:** Plaintiff alleges Defendant Berkley and two unnamed Lincoln Police Officers violated his Fourth Amendment rights by unlawfully arresting him without a warrant or probable cause on July 1, 2020.

**Count VII:** Plaintiff alleges Defendants Berkley, Johnson, and Sherren used excessive force[5] by tasing him during his arrest on November 30, 2016.

**Count VIII:** Plaintiff alleges Defendant Berkley and two unnamed Lincoln Police Officers used excessive force during his arrest on July 1, 2020.

**Count IX:** Plaintiff asserts a claim of malicious prosecution against Defendants Hauge, Hines-Holl, Sherren, Sullivan, and Berkley. Plaintiff alleges Defendants Hauge and Hines-Holl had a duty to ensure he would not be prosecuted without probable cause and that they violated this duty by pursuing charges in case number 2016-CM-287, despite there being no probable cause to believe he committed any crime.

**Count X:** Plaintiff asserts a claim of false arrest under Illinois law against Defendant Berkley and two unnamed Lincoln Police Officers based on the July 1, 2020 arrest.

**Count XI:** Plaintiff asserts a claim of false arrest under Illinois law against Defendants Johnson and Eimer based on the March 7, 2018 arrest.

---

[4] Plaintiff makes no reference to an "unnamed Sheriff's Deputy from the Logan County Sheriff's Department" in the facts section of his Second Amended Complaint regarding the stop on March 7, 2018. (Doc. 78 at p. 10). In any event, the deadline for naming the Doe Defendants has passed.

[5] In Counts VII and VIII, Plaintiff alleges Defendants violated his Eighth Amendment rights by using excessive force during his arrests on November 30, 2016 and July 1, 2020. In the context of an arrest, the Fourth Amendment, not the Eighth Amendment, protects people from the use of excessive force by the police. *Gupta v. Melloh*, 19 F.4th 990, 995-96 (7th Cir. 2021).

*Monell* **Claim:** Plaintiff attempts to assert a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659 (1978), against Defendants Lincoln Police Department and the Logan County Sheriff's Office. (Doc. 78 at pp. 3-4, 29-31). Plaintiff alleges that the constitutional deprivations were caused by either (1) the enforcement of an express policy of the City of Lincoln, Illinois; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) a constitutional injury caused by a person with final policy making authority. Plaintiff claims the multiple unlawful arrests and detainments from November 30, 2016 through July 1, 2020, show a "pattern or policy." *Id*. at p. 31.

Plaintiff also references statements made by Defendants Berkley and Hines-Holl. First, he alleges that Defendant Berkley stated he a had a video of Plaintiff being tased on November 30, 2016, to "collect his prize." *Id*. at p. 29. Plaintiff alleges that Lincoln Police Officers are trained to target him and even receive compensation for doing so. Plaintiff claims this constitutes a policy. Second, Plaintiff alleges Defendant Hines-Holl stated during the trial that there was a "special procedure" for arresting and charging him. *Id.* at pp. 8, 31.

## ANALYSIS

### I.     Count I fails to state a claim.

In Count I, Plaintiff alleges from November 30, 2016 through July 1, 2020, Defendants retaliated against him for exercising his First Amendment rights by unlawfully arresting him without a warrant or probable cause and maliciously prosecuting him.

"The plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019). If the plaintiff is asserting a claim that an arrest was in retaliation for speech protected by the First Amendment, the plaintiff must show that the retaliation was a substantial or motivating factor behind the arrest. *Id*.

at 1725. If that showing is made, the defendant can prevail only by showing that the arrest would have been initiated without respect to retaliation. *Id*. In the alternative, a plaintiff does not have to establish the absence of probable cause "when the plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id*. at 1727.

To allege a plausible First Amendment claim, Plaintiff must first allege that he engaged in protected conduct, which he failed to do. Plaintiff alleges that he has the right to speak out on matters of public concern, such as police misconduct, but Plaintiff fails to reference what protected speech he engaged in. Plaintiff's First Amendment claim fails in its entirety without even proceeding to the analysis in *Nieves*. However, even if the two-part test in *Nieves* were applied, there are no facts to plausibly suggest that the arrests were made without probable cause, except for Plaintiff's conclusory statements. Second, Plaintiff has not supplied any "objective evidence" that "similarly situated individuals not engaged in the same sort of protected speech" have not been arrested for the same offense. *See Lund v. City of Rockford, Illinois*, 956 F.3d 938, 947 (7th Cir. 2020). Count I is dismissed with prejudice for failure to state claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court finds that any further amendment would be futile; Plaintiff has had three opportunities to allege a cognizable claim and failed to do so.

**II.    Count II fails to state a claim.**

In Count II, Plaintiff alleges Defendants violated his Fourth and Fifth Amendment rights to be free from warrantless searches and arrests between November 30, 2016 and July 1, 2020.

It is well-settled that the constitutionality of Plaintiff's claims for false arrest and excessive force are analyzed under the Fourth Amendment reasonableness standard. *United States v.*

*Plasencia*, 886 F.3d 1336 (11th Cir. 2018). Plaintiff does not include any allegations in his Amended Complaint to establish how his Fifth Amendment rights were violated.

The July 1, 2020 arrest is the only arrest not barred by the two-year statute of limitations. Plaintiff fails to allege any facts to show how Defendants Hauge, Hines-Holl, Johnson, Sherren, Eimer, the Logan County Sheriff's Office, and the Lincoln Police Department were involved with the July 1, 2020 arrest.

Moreover, Plaintiff alleges in Count VI that Defendant Berkley and two unnamed Lincoln Police Officers violated his Fourth Amendment rights by unlawfully arresting him without a warrant or probable cause on July 1, 2020. Including both Counts II and VI in his Second Amended Complaint is duplicative.

Count II is dismissed with prejudice for failure to state claim upon which relief may be granted under Rule 12(b)(6) and § 1915A. The Court finds that any further amendment would be futile; Plaintiff has had three opportunities to allege a cognizable claim and failed to do so.

**III.    Counts III, IV, V, VII, and XI are barred by the statute of limitations.**

Counts III, IV, V, VII, and XI include claims under § 1983 and Illinois law related to Plaintiff's arrests on November 30, 2016, January 1, 2017, and March 7, 2018. The allegations in Plaintiff's Second Amended Complaint are identical to the allegations he raised in his Amended Complaint. The Court already dismissed these counts with prejudice on December 12, 2023, because they are barred by the two-year statute of limitations. (*See* Order on Motions to Dismiss, Doc. 64 at pp. 8-10). Counts III, IV, V, VII, and XI remain dismissed with prejudice.

**IV.    Count IX fails to state a claim.**

In Count IX, Plaintiff brings a malicious prosecution claim against Defendants State's Attorney Hauge and Assistant State's Attorney Hines-Holl. Plaintiff alleges Defendants pursued

criminal charges against him in case number 2016-CM-287, despite there being no probable cause to believe he committed a crime. Plaintiff also contends that Defendant Hines-Holl stated during his criminal trial that there was a "special procedure" for arresting and charging him. (Doc. 78 at p. 24).

To state a claim of malicious prosecution under § 1983, a Plaintiff must show (1) the underlying suit or proceeding was instituted without probable cause; (2) the motive in instituting the suit or proceeding was without probable cause; and (3) the prosecution terminated in the acquittal or discharge of the accused. *Thompson v. Clark*, 142 S. Ct. 1332, 1338 (2022). "[S]tate prosecutors enjoy absolute immunity from suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017).

Lastly, because Plaintiff claims there was no warrant for his arrest, it cannot serve as the basis for a malicious prosecution action. *See Serino*, 735 F.3d at 593. "Malicious prosecution provides a remedy for a deprivation of liberty *pursuant to the legal process*, but when the arrest takes place without a warrant, the plaintiff only becomes subject to the legal process afterward, at the time of arraignment. *Id.* (internal citations omitted).

Plaintiff's claim of malicious prosecution is not a constitutional violation. *See Anderson v. City of Rockford*, 932 F.3d 494, 512 (7th Cir. 2019) (explaining that there is no federal constitutional right not to be prosecuted without probable cause). Plaintiff has also failed to articulate a constitutional violation based on Defendant Hines-Holl's comments during his trial.

Count IX is dismissed with prejudice for failure to state claim upon which relief may be granted under Rule 12(b)(6) and § 1915A. The Court finds that any further amendment would be futile; Plaintiff has had three opportunities to allege a cognizable claim and failed to do so.

**V.      Plaintiff may proceed against Defendant Berkley on Counts VI, VIII, and X.**

Three of Plaintiff's claims against Defendant Berkley related to his arrest on July 1, 2020, are timely.[6]

**A. Counts VI and X**

Plaintiff alleges Defendant Berkley violated his rights under the Fourth Amendment (Count VI) and Illinois law (Count X) by unlawfully arresting him, searching his vehicle, and seizing his cell phone without a warrant or probable cause on July 1, 2020. Plaintiff claims no charges were filed as a result of his arrest.

"To prevail on a false-arrest claim under § 1983, a plaintiff must show that there was no probable cause for his arrest." *Neita v. City of Chicago*, 830 F.3d 494, 497 (7th Cir. 2016) (citing *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012)). "An officer has probable cause to arrest if 'at the time of the arrest, the facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Neita*, 830 F.3d at 497 (quoting *Gonzalez v. City of Elgin,* 578 F.3d 526, 537 (7th Cir. 2009)). At this early stage of the proceedings, the Court finds that Plaintiff has adequately pled a lack of probable cause for the arrest, search of his vehicle, and seizure of his cell phone. *See Neita*, 830 F.3d at 498 (Where a plaintiff "state[s] a plausible claim for false arrest, his claim for illegal

---

[6] The unnamed Lincoln Police Officers named in Counts VI, VIII, and X were previously dismissed with prejudice because Plaintiff did not identify them within the statute of limitations period. (*See* Doc. 64 at pp. 10, 12).

search incident to his arrest also may go forward."). Plaintiff may proceed Counts VI and X against Defendant Berkley.

   B. **Count VIII**

In Count VIII, Plaintiff alleges Defendant Berkley used excessive force during his arrest on July 1, 2020, by pointing his service revolver at him and attempting to break his leg or cause bodily harm.

In the context of an arrest, the Fourth Amendment protects people from the use of excessive force by the police. *Gupta v. Melloh*, 19 F.4th 990, 995-96 (7th Cir. 2021). "An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest." *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012). "[T]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal citations omitted). "A court must evaluate whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting that officer," *Gupta*, 19 F.4th at 996 (citing *Graham*, 490 U.S. at 396), acknowledge "the fact that police officers are often forced to make split-second judgments— in circumstances that are tense, uncertain, and rapidly evolving— about the amount of force that is necessary in a particular situation." *Id.* "It requires a fact-intensive inquiry into the totality of the circumstances, including the severity of the crime, potential threats to the safety of officers or bystanders, and whether the plaintiff was actively resisting arrest." *Shirley v. Rabensteine*, No. 22-

2147, 2023 WL 129432, at *2 (7th Cir. Jan. 9, 2023) (citing *Turner v. City of Champaign*, 979 F.3d 563, 567 (7th Cir. 2020)). Plaintiff's allegations are sufficient to proceed on a Fourth Amendment excessive force claim against Defendant Berkley for the excessive force allegedly used during the arrest on July 1, 2020.

### VI.     Plaintiff fails to state a *Monell* claim.

Plaintiff's Second Amended Complaint fails to state a claim against the Lincoln Police Department or the Logan County Sheriff's Office pursuant to *Monell*. "To establish municipal liability, a plaintiff must show the existence of an official policy or other governmental custom that not only causes but is the moving force behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833-34 (7th Cir. 2012) (internal quotation omitted). A plaintiff can establish an official policy through "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 506, 515 (7th Cir. 2007) (citing *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007)).

Plaintiff has not clearly identified any policy or practice since he refers only to his own encounters and vague statements Defendant Berkley made during his arrest on November 30, 2016, and Defendant Hines-Holl's reference to a "special procedure" during his trial. Plaintiff's formulaic recitation of the elements of a *Monell* claim does not suffice to allege a cause of action against the Lincoln Police Department and the Logan County Sheriff's Office. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Plaintiff's Second Amended Complaint fails to state a *Monell* claim. The Court finds that any further amendment would be futile; Plaintiff has had three opportunities to allege a cognizable

claim and failed to do so. Defendants Lincoln Police Department and the Logan County Sheriff's Office are dismissed with prejudice for failure to state a claim under Rule12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Second Amended Complaint under 28 U.S.C. § 1915A, Plaintiff may proceed against Defendant Brandon Berkley on Counts VI, VIII, and X as stated above. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Counts I-V, VII, IX, and XI and the *Monell* claim are DISMISSED WITH PREJUDICE. Defendants City of Lincoln/Lincoln Police Department, Logan County Sheriff's Office, Robert Sherren, Ryan Sullivan, Chad Eimer, Maurice Johnson, Hillary B. Hines-Holl, Brad Hauge, and the unnamed Lincoln Police Officers are DISMISSED WITH PREJUDICE.

3) Defendant Berkley returned an executed summons on March 21, 2024. (Doc. 79). No waiver needs to be issued.

4) Defendant Berkley is DIRECTED to answer Plaintiff's Second Amended Complaint by May 10, 2024. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. After Defendant has answered, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

5) This District uses electronic filing, which means that Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the

Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

6) Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

7) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

8) Plaintiff shall be provided a copy of all pertinent medical records upon request.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

10) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of this case and enter scheduling deadlines.

ENTERED:  4/23/2024

                                                                                            s/ James E. Shadid
                                                                                            James E. Shadid
                                                                                            United States District Judge